No. 84-377

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

DOUGLAS A. ROUND,

Plaintiff and Respondent,

-vs-

HARVEY D. REIKOFSKI,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Tipp, Hoven, Skjelset & Frizzell; Douglas G.
Skjelset, Missoula, Montana

For Respondent:

Worden, Thane & Haines; Patrick G. Frank, Missoula,
Montana

Submitted on Briefs: Feb. 8, 1985

Decided: May 2, 1985

Filed: MAY 1985

*Ethel M. Harrison*
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendant appeals from the judgment by the Fourth Judicial District Court for Missoula County in which the plaintiff was awarded $1,444.81 for the damage to plaintiff's motor vehicle and reasonable attorney's fees in the amount of $1,977.50. We affirm.

The issues are:

1. Was there substantial credible evidence to support the motor vehicle damage award?

2. Was the award of attorney's fees proper under § 25-10-303, MCA?

In its memorandum and order granting partial summary judgment, dated November 28, 1983, the District Court made the following factual determinations. On March 7, 1981, in Missoula, Montana, defendant and his wife were driving home at about 10:00 p.m. Plaintiff's pickup truck came up behind defendant's vehicle blinking its bright lights on and off. Defendant pulled off the road to allow plaintiff's truck to pass but plaintiff stopped behind defendant's vehicle. A passenger in plaintiff's vehicle came forward and proceeded to beat on the defendant's passenger door window with an iron bar until the window broke. Defendant then backed into plaintiff's truck and attempted to pull away, but his vehicle stalled. Someone attempted to open defendant's passenger door. Defendant started his vehicle, made a full turn, and rammed the left rear of plaintiff's pickup truck with the right front of his vehicle.

Plaintiff commenced this action to recover $1,444.81 for damages to his truck. Under Count I, plaintiff sought recovery in negligence; under Count II, he sought recovery for an intentional tort with a claim for punitive damages; and under Count III, he sought damages for gross negligence,

2

willful, wanton, malicious and reckless misconduct, with a claim for punitive damages.

After considering the pleadings and interrogatories, the District Court concluded that the defendant intentionally backed into and intentionally rammed the plaintiff's vehicle. He further concluded that the defendant had alleged no justification for his action and that no justification appeared from the record. The court also pointed out that the defendant failed to raise a defense of contributory negligence in his answer. The District Court then entered summary judgment for the plaintiff on Count II, the intentional tort count of the plaintiff's complaint.

On June 7, 1984, the issue of damages was tried to the District Court without a jury. In its findings of fact, the District Court concluded that the defendant intentionally rammed plaintiff's vehicle; that defendant's intentional act was the proximate cause of the damage to plaintiff's vehicle; that plaintiff's vehicle was damaged; that the cost of repairs to plaintiff's vehicle was $1,444.81; that the repairs were done; that the repair costs were reasonable; that plaintiff sent an offer of settlement to defendant for $1,444.81 on November 23, 1981; that defendant refused to pay the bill; and that plaintiff therefore is entitled to attorney's fees pursuant to § 25-10-303, MCA. The judgment of the District Court granted judgment against the defendant for $1,444.81 plus interest at 10% from November 23, 1981, plus reasonable attorney's fees of $1,977.50.

I

Was there substantial credible evidence to support the motor vehicle damage award?

The District Court's findings of fact in the order of June 8, 1984, are both clear and specific with regard to the

3

damage to plaintiff's vehicle, the reasonable cost of repairs, and the reasonable amount of the attorney's fees.

The scope of appellate review of findings of fact is defined in Rule 52(a), M.R.Civ.P., which states in pertinent part:

> ". . . Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. . . ."

Our standard of review is clearly stated in Ski Roundtop, Inc. on Behalf of Ski v. Hall (Mont. 1983), 658 P.2d 1071, 1079, 40 St.Rep. 74, 83, quoting Jensen v. Jensen (Mont. 1981), 629 P.2d 765, 768, 38 St.Rep. 927, 930:

> "This Court will not substitute its judgment for that of the trier of fact. We will consider only whether substantial credible evidence supports the findings and conclusions. Findings will not be overturned unless there is a clear preponderance of evidence against them, recognizing that evidence may be weak or conflicting, yet still support the findings."

In substance the defendant argues that the testimony fails to show that all damage to the plaintiff's vehicle resulted from the action of the defendant. It is true that the deposition testimony of the plaintiff only shows that plaintiff's pickup was damaged by the defendant, was subsequently repaired, and that the cost of repairs was reflected in the exhibit bill. That testimony does not exclude the possibility that repairs may have been made for damage caused by some activity other than that involving the defendant.

However, an auto repairman with extensive and long term experience in making repairs testified that in examining plaintiff's vehicle before preparing his estimated cost of repairs, he considered whether the customer was seeking to repair damages which were not a part of this particular

4

transaction. He pointed out that he could identify damages which occurred more than three to five days earlier than the accident in question. In substance he testified that if the damage could have been caused by two different accidents, he would have made a note on his repair estimate, and he did not make such a note. His testimony together with the testimony of the repairman who made the actual repairs constitutes substantial credible evidence upon which the District Court could base its findings of fact.

We hold there is substantial credible evidence to support the judgment of the District Court on this issue.

II

Was the award of attorney's fees proper under § 25-10-303, MCA?

The award of attorney's fees by the District Court was based upon the provisions of § 25-10-303, MCA which provides in pertinent part:

> "In an action involving solely the recovery of property damages arising out of the ownership . . . of a motor vehicle, in which the plaintiff secures a judgment equal to or greater than the amount of damages claimed by the plaintiff in his last written offer to the defendant . . . prior to the filing of the cause of action, the court shall allow plaintiff's reasonable attorney's fee . . . If the defendant . . . fails to make any offer within 15 days of the date requested to do so by the plaintiff, the plaintiff may file the cause of action and, if successful in the action, shall be entitled to his reasonable attorney's fee . . ."

Defendant contends that the plaintiff's complaint in Count II sought not only recovery of the property damage to the motor vehicle but also punitive damages. He therefore contends that as a result of the pleading in the complaint, this is not an action involving solely the recovery of property damages to a vehicle. Our analysis of the procedure and the facts causes us to reach a different conclusion.

5

Initially summary judgment was granted on this count based upon the District Court's determination that the defendant intentionally backed into and rammed the plaintiff's vehicle, therefore making it appropriate to enter summary judgment on the claim of an intentional tort. That summary judgment did not address any aspect of the damages themselves.

The damages issues were presented in the bench trial on June 7, 1984. The record shows that the only issues presented for consideration by the court at that time were the issues of the cost of repairs to plaintiff's vehicle, interest on such repairs and reasonable attorney's fees. There is no disagreement on the facts. A written offer was made as required under § 25-10-303, MCA and a judgment exactly equal to that offer was obtained. As actually tried to the court, the action did involve solely the recovery of property damages arising out of the ownership of a motor vehicle. This meets the standard required under the statute.

We conclude that the award of attorney's fees was proper.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices