No. 87-145

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

JANET D. WEBB, Personal Representative
of the ESTATE OF DALE W. DECKER,
Deceased,

　　　　　Plaintiff and Appellant,

　　-vs-

MAURICE E. WOLFE, JAMES H. WOLFE, and
WOLFE HEREFORD RANCH, a corporation,

　　　　　Defendants, Respondents and Cross-Appellants.

---

APPEAL FROM:　District Court of the Fifth Judicial District,
　　　　　　　　In and for the County of Beaverhead,
　　　　　　　　The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　　Schulz, Davis & Warren; John S. Warren, Dillon,
　　　　　　　Montana

　　　　For Respondents/Cross-Appellants:

　　　　　　　Max Hansen, Dillon, Montana

---

　　　　　　　　　　　　Submitted on Briefs:　Oct. 29, 1987

　　　　　　　　　　　　　　　Decided:　February 11, 1988

Filed: FEB 1 1 1988

*Ethel M. Harrison*

─────────────────────────────
　　　　　　　　Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Janet Webb, personal representative of the estate of Dale W. Decker, appeals the decision of the Fifth Judicial District Court, Beaverhead County, Montana, that the surviving partners of the CL Ranch partnership were indebted to the estate of Dale Decker for $32,238.05. We affirm issues 1 and 3 and reverse issue 2.

In 1978, Decker wished to purchase a ranch from the personal representative of Dale Metlen. Decker was a close friend of Metlen and was given the first option to purchase the Metlen Ranch. Metlen's personal representative held the ranch until Decker could determine if he could arrange financing.

Decker was unable to secure financing so he approached Maurice (Ed) Wolfe. A partnership, the CL Ranch partnership, between Decker, Ed and James (Harve) Wolfe was formed by oral agreement in order to purchase, operate and improve the Metlen Ranch. The partnership interests were divided as follows: Ed Wolfe 37.5%, Harve Wolfe 37.5% and Dale Decker 25%. (The Wolfe brothers' interest is referred to as Wolfe Hereford Ranch.) The partnership agreement provided that Decker would live on the ranch and operate and improve it.

The District Court found that Decker contributed no capital. He contributed his option, operated the ranch, and in return became a 25% partner. The court also found that the Wolfe Hereford Ranch paid the $59,500 in cash down for the Metlen Ranch and financed the remainder through a Federal Land Bank loan.

On May 30, 1983 Decker died and his personal representative, Janet Webb, requested an accounting of the partnership interest belonging to the Decker estate. The

parties disputed the value of Decker's 25% interest.  Three issues are raised on appeal, the third by respondents.

1.  Does the evidence support the District Court's finding that Dale Decker did not make an initial capital contribution to the CL Ranch partnership?

2.  Does the evidence support the District Court's finding that the value of the Federal Land Bank debt was $185,399.30?

3.  Did the District Court commit error by valuing Dale Decker's partnership interest as of the date of his death?

ISSUE I

The District Court found that Dale Decker made no capital contribution to the partnership.  The court also stated in its findings of fact that the partnership tax returns support this holding and that Decker's 25% interest was in the operation, management and contemplated resale of the property by the partnership.

The standard of review for reviewing a district court's findings of fact, grants the district court much discretion. "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."  Rule 52(a), M.R.Civ.P.  Findings of fact shall not be overturned "unless there is a clear preponderance of evidence against them, recognizing that evidence may be weak or conflicting, yet still support the findings."  In re the Marriage of Jensen and Jensen (Mont. 1981), 629 P.2d 765, 768, 38 St.Rep. 927, 930.  See also Round v. Reikofski (Mont. 1985), 699 P.2d 72, 74, 42 St.Rep. 634, 636.  In this case substantial credible evidence exists to support the District Court's findings.  The partnership tax accounts, which were prepared with information provided by Decker, show no capital contribution from Decker.  Appellants argue that the District

3

Court was incorrect because testimony existed that Ed Wolfe loaned Decker his share of the purchase price. The District Court acknowledged and considered this evidence in its findings of fact. It was within the discretion and province of the District Court to hold that the evidence supported a finding of no capital contribution. Affirmed.

ISSUE II

The parties originally agreed that the CL Ranch partnership debt would be listed on the pretrial order as $185,399.30. However, at the beginning of trial the parties agreed to amend the pretrial order to show a Federal Land Bank debt of $175,799.30. The District Court in its findings of fact used the $185,399.30 figure for the mortgage on the Metlen Ranch. If the fact stipulated to is material, then the stipulation is binding on the court. "The purpose of such a stipulation is to relieve the parties from the necessity of introducing evidence as to the ultimate fact covered by it. If the fact is material, the court is, as to it, bound by the stipulation. It amounts to a special finding." Spaulding v. Stone, 129 P. 327, 328, 46 Mont. 483, 487. The amount of the Federal Land Bank debt is material in this case because it affects the calculation of Decker's 25% interest in the CL Partnership. We reverse on this issue.

ISSUE III

After Decker's death, his personal representative requested an accounting of his partnership interest. Webb was dissatisfied with the Wolfes' accounting and commenced the action below. The District Court made its own accounting and valued Decker's 25% interest as of the date of death, May 30, 1983. Respondents object to the valuing of Decker's partnership interest as of the date of death. They assert that only upon completion of the winding up process will the

4

partnership terminate and Decker's interest can be determined.

In its findings of fact the District Court states that, "There was no agreement, implied or otherwise, with respect to a continuation of the partnership." (Finding of Fact No. 14). Based upon this finding, the lower court held that § 35-10-614, MCA, did not apply, but valued Decker's interest at the date of death. Section 35-10-614, MCA, provides:

> When any partner retires or dies and the business is continued under any of the conditions set forth in subsections (1), (2), (3), (5), or (6) of 35-10-613, or 35-10-610(2)(b) without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest or at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; provided that the creditors of the dissolved partnership, as against the separate creditors or the representative of the retired or deceased partner, shall have priority on any claim arising under this section, as provided by 35-10-613(3).

The evidence, however, demonstrates that the surviving partners continued the business, continued to graze their cattle on the partnership land and did not elect to liquidate partnership assets. The business was continued under subsections (2) and (3) of § 35-10-613, MCA, here a partner died and the business was continued without liquidation of

5

partnership affairs. In this event, § 35-10-614, MCA, is properly applied and Decker's interest valued as of the date of his death. "Where the conclusion of the District Court is correct, it is immaterial, for the purpose of affirmance on appeal, what reasons the District Court gives for its conclusion." Norwest Bank of Billings v. Murnion (Mont. 1984), 684 P.2d 1067, 1071, 41 St.Rep. 1132, 1136. See also Bolz v. Myers (Mont. 1982), 651 P.2d 606, 39 St.Rep. 1747. We affirm this issue and remand for further proceedings in accordance with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices