No. 03-730

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 394

PUBLIC LANDS ACCESS ASSOCIATION, INC.,

        Plaintiff, Appellant, and Cross-Respondent,

    v.

ROGER JONES and BOARD OF COUNTY COMMISSIONERS
OF TETON COUNTY,

        Defendants, Respondents and Cross-Appellants.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and for the County of Teton, Cause No. 00-DV-026,
The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        J. Devlan Geddes, Goetz, Gallik & Baldwin, P.C., Bozeman, Montana

        For Respondent:

        Maxon R. Davis, Davis, Hatley, Haffeman & Tighe, P.C., Great Falls,
Montana

        Joe Coble, County Attorney, Laurie McKinnon, Deputy County Attorney,
Choteau, Montana

        Submitted on Briefs:  June 8, 2004

        Decided:  December 30, 2004

Filed:

_____

Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 The Public Lands Access Association, Inc. ("PLAA") appeals from that portion of the Judgment and Order filed on July 9, 2003, in the District Court for the Ninth Judicial District, Teton County, denying the parties' Stipulation to Supplement Record. Roger Jones ("Jones") appeals from that portion of the same Judgment and Order finding that a public prescriptive easement exists on the Boadle Road. We affirm.

¶2 We address the following issues on appeal:

¶3 1. Did the District Court err in denying the parties' request to supplement the record?

¶4 2. Did the District Court err as a matter of law in determining a public prescriptive easement exists to the Boadle Road?

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶5 The PLAA brought this action against Defendants Jones, the Board of County Commissioners for Teton County, and the Greenfield Irrigation District seeking a declaration that Road No. 213 in Teton County was a county road or, alternatively, that there existed a public prescriptive easement to it. The Irrigation District was later dismissed from the lawsuit.

¶6 Road No. 213 passes through Township 22 North within Teton County. The eastern terminus of Road No. 213 is at its intersection with Highway 287, on the north boundary of Section 32, Township 22 North, Range 5 West. The western terminus of Road No. 213 is at the intersection of the road and Pishkun Road, near the north boundary of Section 9, Township 22 North, Range 7 West.

¶7 At trial, the portion of Road No. 213 running from Highway 287 to the Sun River

2

Slope Canal Road, near the eastern boundary of Section 23, Township 22 North, Range 7 West, was referred to as the "Boadle Road," in reference to the family that owned the ranch for many years prior to the time Jones acquired the ranch in 2000. The remainder of Road No. 213, which runs in a northwesterly direction and ends at the Pishkun Reservoir in Teton County, was referred to as the "Sun River Slope Canal Road" ("Canal Road") during trial. The portions of the Boadle Road, the Canal Road and the bridge, which are in controversy here are generally depicted as follows:



¶8     In 1999, Jones' predecessor in interest, "Short" Stevens, who had acquired the Boadle ranch in 1995, blocked access to that portion of the Boadle Road in Section 24, which crosses the ranch, by placing a chain and a locked gate across each end of the road. When Jones acquired the ranch in 2000, he continued to block access to that portion of the road by maintaining the locked gates.

¶9     The PLAA, a non-profit membership organization dedicated to promoting access to public-owned lands in Montana, filed suit in December 2000 seeking a declaration that Road

3

No. 213 is a county or public road and an injunction enjoining Jones from interfering with the public's right to use the Road.

¶10 In the Final Pre-Trial Order dated November 19, 2002, the parties agreed the portion of Road No. 213 in dispute, the Boadle Road, traversed from the western boundary of Section 19, Township 22 North, Range 6 West, proceeding west to where the road intersects the Canal Road. Thus, the suit was limited to that one-mile portion of the Boadle Road crossing Section 24 of Jones' ranch to which the public had been denied access beginning in 1999.

¶11 On December 9 and 10, 2002, trial was held in the District Court for the Ninth Judicial District Court, Teton County.

¶12 On February 6, 2003, the parties filed a Stipulation to Supplement Record, whereby they agreed any evidence or testimony admitted during the December 2002 trial relating to the public's use of the Boadle Road could also be used as evidence of the public's use of the Canal Road as it crossed Jones' property.

¶13 On February 7, 2003, the District Court refused to accept the parties' Stipulation to Supplement Record, stating that the Final Pre-trial Order specified the only fact at issue was whether the Boadle Road is a public road; since the status of the Canal Road was not raised as an issue, the request to supplement the record was denied.

¶14 PLAA filed a Motion for Reconsideration of Denial of Stipulation to Supplement Record and for Hearing. The District Court did not rule on this motion.

¶15 On July 9, 2003, the District Court issued its Findings of Fact, Conclusions of Law, Judgment and Order, in which the court concluded "[t]he road located in Section 24,

4

Township 22 North, Range 7 West, commonly known as the 'Boadle Road', is a public road and until abandonment may be used by the general public without interference from the owner of the underlying land." The District Court did not consider the status of that portion of the Canal Road located on Jones' ranch. Additional facts follow as necessary.

## II. DISCUSSION

### ISSUE ONE

¶16 **Did the District Court err in denying the parties' request to supplement the record?**

¶17 We treat the District Court's decision denying the parties' request to supplement the record the same as any other discretionary post-trial court ruling. We review discretionary trial court rulings to determine whether a district court abused its discretion. *Johnson v. Hamilton*, 2003 MT 199, ¶ 9, 317 Mont. 24, ¶ 9, 75 P.3d 778, ¶ 9. "This standard may be applied to rulings on post-trial motions, which encompass the power of choice among several courses of action, each of which is considered permissible." *Johnson*, ¶ 9.

¶18 PLAA argues the parties stipulated to a "material fact" when they agreed post-trial that the District Court should apply the evidence admitted with regard to the Boadle Road to also determine the status of the Canal Road. According to PLAA, the District Court was bound by the stipulation and erred in denying it. In making this argument, PLAA relies on *Webb v. Wolfe* (1988), 230 Mont. 322, 325, 749 P.2d 531, 532, in which this Court held where the fact stipulated to is material, the stipulation is binding on the court.

¶19 PLAA then argues the District Court committed reversible error when it relied on the language of Rule 16(e), M.R.Civ.P., in strictly adhering to the agreed issues set forth in the

5

Final Pre-Trial Order. Rule 16(e), M.R.Civ.P., states after a pre-trial conference, a pre-trial order shall control the subsequent course of the action unless modified by a subsequent order and the order following a final pre-trial conference shall be modified only to prevent manifest injustice.

¶20 PLAA argues the language of Rule 16(e), M.R.Civ.P., must be considered in conjunction with the language of Rule 15(b), M.R.Civ.P., which states:

> When issues not raised by the pleadings are *tried* by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment . . . . [Emphasis added.]

Relying on this Court's holding in *Bell v. Richards* (1987), 228 Mont. 215, 741 P.2d 788, PLAA argues Rule 15(b), M.R.Civ.P., is applicable in the instant case. We disagree.

¶21 The facts in this case differ significantly from the facts in those cases cited by PLAA. In *Webb*, the parties stipulated during trial to amend the pre-trial order to reduce the amount of debt in dispute. Therefore, this Court held the District Court erred when it refused to acknowledge the stipulated amount of debt, and instead, included the original amount from the pre-trial order in its findings of fact. *Webb,* 230 Mont. at 324, 749 P.2d at 532. In the instant case, the parties stipulated after the conclusion of the trial to allow the court to consider all of the evidence as if it applied to the Canal Road as well as the Boadle Road, in spite of the fact all the evidence and testimony presented during trial referred only to the public's use of the Boadle Road.

¶22 In *Bell*, this Court reversed the District Court because the issue of attorney fees was

6

not in dispute as the disputed contract contained a provision the winning party was entitled to attorney fees. Accordingly, it was appropriate for this Court to reverse and remand for a determination of attorney fees because it was not necessary for the winning party to present evidence of attorney fees at trial. *Bell*, 228 Mont. at 219, 741 P.2d at 791.

¶23 Here, the parties attempted to force the District Court, nearly two months after the conclusion of the trial, to decide an issue not tried. The stated reason is to avoid the necessity of future litigation over the status of the Canal Road. Under Rule 15(b), M.R.Civ.P., the parties may be entitled to an amendment of the pleadings only when the issue was tried by express or implied consent and there was sufficient evidence introduced during trial to support the amendments. *Wollaston v. Burlington Northern, Inc.* (1980), 188 Mont. 192, 199, 612 P.2d 1277, 1281. This Court has held implied consent is given for the trial of issues not raised in the pleadings when evidence is introduced without objection. *Reilly v. Maw* (1965), 146 Mont. 145, 155, 405 P.2d 440, 446. We have not held that months after a trial is over a district court must decide issues not presented at trial. The record is void of any indication the parties consented either expressly or impliedly to adjudicate the status of the Canal Road. On the contrary, during trial, the parties went out of their way to ensure the testimony and other evidence presented was admitted for the sole purpose of determining the status of the Boadle Road.

¶24 For example, during trial counsel for Jones asked witness Linda Erickson to clarify her understanding whether the "little blue squiggle" indicated on Exhibit 4, that portion of the Boadle road chained off on Jones' ranch, was the only portion of the road "that's in dispute in this lawsuit; correct." Erickson responded "[y]es." Likewise, when referring to

7

Exhibit 4, counsel for PLAA said "[t]he yellow we've been referring to as the Canal Road . . . [t]he road that's in dispute is that blue-colored section there, about a mile; do you see that?" Witness Curt Wilson responded, "[y]es sir." PLAA's counsel then asked, "[w]hen you were filling out this questionnaire, is that the portion of the road you were referring to, the blue portion?" Wilson responded, "[y]es sir."

¶25 The trial judge who heard the evidence decided such evidence was insufficient to make a decision on a question not tried. Under these circumstances, the District Court did not err when it denied the parties' request to supplement the record.

## ISSUE TWO

¶26 **Did the District Court err as a matter of law in determining a public prescriptive easement exists to the Boadle Road?**

¶27 On appeal, Jones does not challenge the District Court's findings of fact. Rather, he challenges the legal conclusions drawn from those facts. We review conclusions of law to determine whether the district court's interpretation of the law is correct. *Hans Farms, Inc. v. Molitor*, 2003 MT 153, ¶ 10, 316 Mont. 249, ¶ 10, 70 P.3d 1238, ¶ 10. "It is within the province of the trier of fact to weigh the evidence and assess the credibility of witnesses and we will not second-guess those determinations." *Hans Farms*, ¶ 10.

¶28 In a nutshell, Jones argues the District Court erred in finding a public prescriptive easement exists to that portion of the Boadle Road that crosses his property because the road begins and ends on the servient landholder's (Jones') property. Jones argues the public prescriptive easement ends at the eastern terminus of the Boadle Bridge, the only bridge connecting the Boadle Road to the Canal Road, which is also partially located on Jones'

8

property. Therefore, because Jones built and owns the current bridge, he argues he can either destroy the bridge to prevent the public from accessing it once they reach the end of the public easement, or he can continue to keep the gate on the bridge locked so the public cannot access it. Either way, without a determination the public also has a prescriptive easement to the bridge and Canal Road, the public can merely travel onto Jones' property and no further. According to Jones, since the litigated portion of the Boadle Road leads to "nowhere," it was pointless for the District Court to find a public prescriptive easement to the road.

¶29    Jones' assertion that the easement goes "nowhere" because it begins and ends on his property is misleading. The portion of the Boadle Road litigated in the District Court is a small part of a much larger county road, Road No. 213, which runs for miles. The parties stipulated that the portion of Road No. 213 which runs from Jackson Corner to the eastern boundary of Jones' property is a county road. The road then continues west across Jones' property and connects to the Canal Road at the western terminus of the Boadle Bridge. The Canal Road then runs northwesterly to the Pishkun Reservoir and southeasterly, where it intersects with Highway 287. Contrary to Jones' assertion, the Boadle Road does not lead to "nowhere." PLAA chose to only litigate that portion of the road to which Jones' predecessor in interest blocked off public access in 1999. However, that does not change the fact that the public has accessed that portion of the road from an established county road since the early 1900s.

¶30    Further, Jones is incorrect in his assertion that the prescriptive easement ends at the eastern terminus of the Boadle Bridge. The parties agreed in the Final Pre-Trial Order that

9

the disputed portion of the Boadle Road is that portion which begins at the western boundary of Section 19, Township 22 North, Range 6 West (the eastern boundary of Jones' property), and continues west to where it intersects the Canal Road. Therefore, when the District Court concluded as a matter of law the public has acquired a prescriptive easement to use the Boadle Road, it is clear the easement includes access to that portion of Jones' property that crosses the canal and intersects with the Canal Road on the other side of the Boadle Bridge.

¶31 Additionally, the evidence presented at trial clearly established the public used the Boadle Road, including the Boadle Bridge, to access the Canal Road at the western terminus of the Boadle Road. In *Hans Farms*, ¶ 24, this Court held that the scope of a prescriptive easement is based upon its use during the statutory period. Under our holding in *Hans Farms*, the Boadle Bridge is clearly within the scope of the easement. Therefore, the public has a right to access the bridge and the land under the bridge without interference from Jones as the easement burdens the servient tenement, Jones' land, not merely the physical structure connecting the Boadle Road to the Canal Road. *See* § 70-17-103, MCA. Whether Jones has rights in the bridge itself is a question that was not litigated below and will not be addressed on appeal.

¶32 Finally, Jones would have this Court believe a new element is required to prove the existence of a prescriptive easement in Montana; that is, an easement cannot begin and end on the servient landowner's estate. This assertion is not supported. A prescriptive easement is created by operation of law in Montana. *Hans Farms*, ¶ 12. "The party claiming the easement must establish open, notorious, exclusive, adverse, continuous and uninterrupted use of the claimed easement for the statutory five-year period." *Hans Farms*, ¶ 12; *See* § 70-

10

19-404, MCA. We have not held the public must also prove that it must have egress from the servient tenement in order to establish a right to use an easement. We decline to do so under the present circumstances.

¶33 The District Court found the PLAA presented adequate evidence of the historical use of the Boadle Road to establish a public prescriptive easement. Specifically, the District Court found the road in question has been in existence since the early 1900s; the general public has used the road for various purposes including recreation, moving cattle to summer pasture, travel to work locations, transporting children to school, and accessing the town of Choteau for commerce and personal needs; the public use of the road for such purposes began in the early 1900s and continued unabated until late 1999 or early 2000; the early owners of the land over which the Boadle Road traverses were aware of the public use of the road during the time the public used it; without either a request or permission from the landowner, Teton County periodically maintained that portion of the road, including the Boadle Bridge, during the period of time the public used the Boadle Road; public users of the Boadle Road did not seek the landowner's permission to use the road; early owners of the Boadle Ranch believed the road was a "public road," therefore, their permission was not required for the public to use the road. By his own admission, Jones acknowledges "sufficient evidence exists in the record to support such findings."

¶34 Based on these facts, the District Court concluded as a matter of law "the public has acquired a prescriptive easement to use the 'Boadle Road' and that such easement was in existence prior to and including 1959." Jones has failed to satisfy his burden of establishing that the District Court's interpretation of the law was incorrect. *Hans Farms*, ¶ 10.

11

Accordingly, we affirm the District Court's determination that a prescriptive easement exists to the Boadle Road.

## III. CONCLUSION

¶35     We affirm the District Court as to both issues presented.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ PATRICIA O. COTTER
/S/ JIM RICE