**ELECTRICAL CONTRACTORS, INC.**

v.

**STATE OF CONNECTICUT, DEPARTMENT OF TRANSPORTATION**

No. 3:00CV2422 (AHN).

United States District Court,
D. Connecticut.

April 2, 2001.

*RULING ON MOTION TO REMAND*

NEVAS, District Judge.

The plaintiff, State of Connecticut, Department of Transportation ("CDOT"), originally brought this action against the defendants, Electrical Contractors, Inc. ("ECI") and Major Electric Supply Company, Inc. ("MESC") in Connecticut Superior Court alleging violations of Connecticut law. Subsequently, ECI and MESC removed the action to this court on the basis of federal question jurisdiction.

Currently pending is CDOT's Motion to Remand. For the following reasons, the motion [doc. # 15] is GRANTED.

*FACTS*

On or about December 8, 2000, CDOT initiated suit against ECI and MESC in Connecticut Superior Court. In the complaint, CDOT alleges that ECI and MESC committed multiple counts of fraud, breach of contract, and fraud in the inducement in relation to certain state highway construction contracts which were jointly funded by the state and federal Government. Specifically, CDOT alleges that ECI knowingly used MESC as a "straw man" or "sham" supplier on projects in order to satisfy the requirements of the Federal Disadvantaged/Minority Business Enterprise ("D/MBE") program which requires that 10% to 13% of the value of each contract be set aside for contractors who qualify as disadvantaged businesses. CDOT claims that ECI misrepresented the status and role of MESC as a qualified D/MBE supplier and concealed records and documents. CDOT seeks money damages as the federal funds allocated to improve Connecticut's highways may have to

be remitted by the state to the federal government.

## DISCUSSION

CDOT argues that this matter must be remanded to state court because (1) the Eleventh Amendment and the state's sovereign immunity bar this Court from hearing the matter[1]; (2) this action does not "arise under" federal law; and (3) ECI has failed to comply with the procedural prerequisites for removing a case to federal court.[2] In response, ECI and MESC allege that the Eleventh Amendment does not serve as a bar to removal of this case and that a federal question exists because the regulatory framework governing the federal D/MBE program is essential to the resolution of this matter. ECI and MESC also allege that even if CDOT's complaint is remanded, this court still retains jurisdiction over its counterclaim [doc. # 7].

### I. Federal Question Jurisdiction

■ In order to remove a case to federal court, a party must allege that the federal court has original jurisdiction over the matter. See 28 U.S.C.A. § 1441(b) (West 1994); see also Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). When diversity jurisdiction does not exist, "federal question jurisdiction is required" for removal. See 28 U.S.C. § 1331; see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule." Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir.1998). "That rule provides that federal question jurisdiction exists only when the plaintiff's

own cause of action is based on federal law, . . . , and only when the plaintiff's well-pleaded complaint raises issues of federal law." Id. (internal citations omitted). Under this rule, the plaintiff is free to avoid federal jurisdiction by pleading exclusively state law claims even where a federal claim is also available. Id. Thus, if a court lacks subject matter jurisdiction over a removed action, it must remand that action to state court. See Lupo v. Human Affairs Int'l., Inc., 28 F.3d 269, 271 (2d Cir. 1994).

■ The party asserting federal jurisdiction bears the burden of proving that the case is properly before the federal court. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Therefore, where "jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." United Food & Commercial Workers Union, Local 919 v. CenterMark Properties, 30 F.3d 298, 301 (2d Cir.1994) (citations omitted). Where a defendant seeks to remove an action, it must support its asserted jurisdictional facts with " 'competent proof' and 'justify its allegations by a preponderance of the evidence.' " Id. at 305 (quoting McNutt, 298 U.S. at 189, 56 S.Ct. 780). However, "[r]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Leslie v. BancTec Serv. Corp., 928 F.Supp. 341, 347 (S.D.N.Y.1996) (citations and internal quotation marks omitted). In addition, "[n]ot every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." Gully v. First

1. The court will not address CDOT's 11th Amendment argument as it finds that the action does not "arise under" federal law.

2. CDOT's procedural argument that removal was improper because MESC failed to join in

ECI's motion is moot because MESC filed an Affirmation of Electrical Contractors, Inc.'s Petition For Removal [doc. # 24] on December 21, 2001.

*Nat'l Bank,* 299 U.S. 109, 115, 57 S.Ct. 96, 81 L.Ed. 70 (1936). "Thus, the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

■ Here, CDOT argues that its complaint does not raise a federal question and that the state can establish the defendants' liability based entirely on principles of state law. ECI and MESC claim that CDOT's complaint alleging fraud, breach of contract, and fraud in the inducement depends on whether they violated the federal statutory and regulatory framework governing the D/MBE program. Contrary to the defendants' claims, the court does not find that resolution of this matter hinges on an interpretation of MESC's status as a D/MBE. Rather, the nature of the relationship between ECI and MESC, and whether they knowingly entered into fraudulent highway contracts with the state, will determine liability.

Accordingly, because MESC's status as a D/MBE under the federal regulations is not an essential element of CDOT's state law claims, ECI and MESC have failed to satisfy their burden of establishing that this court has jurisdiction over the pending action. As a result, the action is remanded to Connecticut Superior Court. The Court, will, however, retain jurisdiction over ECI's counterclaim.

## CONCLUSION

For the reasons stated above, CDOT's Motion to Remand [doc. # 15] is GRANTED. However, this Court shall retain jurisdiction over ECI's counterclaim [doc. # 7]. The clerk is directed to REMAND the complaint to the Connecticut Superior Court.