The CALF ISLAND COMMUNITY TRUST, INC. & Marilyn Tsai

v.

YOUNG MEN'S CHRISTIAN ASSOC. OF GREENWICH & the Trust for Public Land

No. Civ. 3:02CV462(AHN).

United States District Court, D. Connecticut.

March 31, 2003.

---

Brendon P. Leydon, Tooher & Wocl, LLC, Stamford, CT, for Plaintiffs.

Philip H. Bartels, Holland Kaufmann & Bartels, LLC, Greenwich, CT, for Defendant YMCA.

Mary E. Sommer, Sandak Hennessey & Greco, LLP, Stamford, CT, for Defendant The Trust for Public Land (Inc.).

## *RULING ON MOTION FOR REMAND*

NEVAS, District Judge.

This action involves a parcel of property known as Calves Island, a/k/a Calf Island, in Greenwich, Connecticut. The defendants, Young Men's Christian Association of Greenwich ("YMCA") and the Trust for Public Land ("TPL"), timely removed this action from the Connecticut Superior Court.

Presently pending is the motion of the plaintiffs, The Calf Island Community Trust ("Community Trust") and Marilyn Tsai ("Tsai"), for remand. For the following reasons, the motion [doc. # 11] is DENIED.

## *BACKGROUND*

As alleged in the complaint, certain individuals ("Releasors") transferred Calves Island to the YMCA on June 21, 1955. The deed of conveyance contained certain restrictive covenants running to the benefit of the Releasor's remaining property. One of the restrictive covenants provides that the land "shall never be used for any purpose other than residential purposes." Tsai is the current owner of real property that is the beneficiary of the restrictive covenants. The Community Trust is an entity formed to preserve the traditional use of Calves Island as an active community resource for education and recreation.

As further alleged in the complaint, the YMCA entered into a bargain sale option agreement with TPL to purchase Calves Island. TPL intends to convey Calves Island to a "third party." Although not alleged in the complaint, it is not disputed that by virtue of a purchase agreement dated September 26, 2000, TPL will convey Calves Island to the United States. The complaint does, however, allege that the terms of the YMCA–TPL option and the purchase agreement between the TPL and the third party are set forth in a memorandum of option and a revised memorandum, both of which are recorded on the Greenwich land records.

The complaint further alleges that neither TPL nor the third party have the legal ability to use Calves Island for residential purposes and thus Tsai contends that the sale would violate her rights as contained in the restrictive covenants. In count two of the complaint, Tsai and the Community Trust allege that the document the Releasors executed on June 21, 1955, purporting to transfer Calves Island to the YMCA is illegal, invalid, and defective. As a result of the alleged defective transfer, Tsai and other nonparty landowners claim that they are the proper owners of an undivided interest in Calves Island. Count three of the complaint alleges that Tsai and the Community Trust seek to

estop the present transfer to TPL and the third party unless and until a public access use plan preserving the tradition of public use and access is in place. Finally, in count four, the Community Trust claims that a prescriptive easement has been established for public use of Calves Island.

Tsai and the Community Trust seek an injunction (1) preventing the transfer of Calves Island to any party that has not affirmatively established it will comply with the restrictive covenants, (2) requiring full compliance with the restrictive covenants, (3) requiring that a binding public access and use plan preserving public use and access be in place before Calves Island is transferred, and (4) prohibiting any sale of Calves Island to a party that would violate or interfere with the rights of Tsai and the Community Trust to use and access Calves Island. They also seek a declaratory judgment that (1) the option and intended transfer to the third party violate the restrictive covenants, (2) the June 21, 1955, transfer of Calves Island was illegal, invalid, and defective and that the successors in title to the Releasors are the true owners of Calves Island, (3) the option of TPL is invalid, and (4) there exists a prescriptive easement establishing public use and access to Calves Island.

After the complaint was removed, the United States filed a condemnation action, civil action number 3:03cv275(AVC), to condemn and take a fee simple interest in Calves Island. The condemnation action states that the land is being taken for public uses, specifically, for the proper development, management, protection, conservation, and restoration of the Stewart B. McKinney National Wildlife Refuge. The condemnation action has been transferred to this court and consolidated with this action.

## DISCUSSION

■ YMCA and TPL invoked the artful pleading doctrine and removed the state court complaint on the grounds that this court has jurisdiction under the Federal Quiet Title Act, 28 U.S.C. § 2409a, because it involves a disputed title to real property in which the United States claims an interest. Tsai and the Community Trust seek remand on the grounds that there is no jurisdiction under § 2409a because the United States is not a party to the action and the complaint on its face makes no reference to the United States or any claim or interest it may have in this action. The court disagrees.

■ Pursuant to 28 U.S.C. § 1346(f), district courts have exclusive original jurisdiction over civil actions under § 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States. There are only two prerequisites to federal jurisdiction under this statute: (1) the United States must claim an interest in the property, and (2) there must be a dispute over the title to that property. *See Leisnoi, Inc. v. United States,* 170 F.3d 1188, 1191 (9th Cir.1999); *see also Leisnoi, Inc. v. United States,* 267 F.3d 1019, 1023 (9th Cir.2001).

■ Under general principles of federal removal law, any civil action brought in state court may be removed to federal court if the federal court would have original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). Where the parties are not diverse, removal is proper only if the case falls within the district court's original federal question jurisdiction. *See* 28 U.S.C. § 1331, 1441(b); *Franchise Tax Board v. Construction Laborers Vac. Tr.,* 463 U.S. 1, 8, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). To determine whether a case arises under federal law, courts normally look to the face of the plaintiff's well-pleaded complaint. *See Merrell Dow*

*Pharm., Inc., v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). However, under a corollary to the well-pleaded complaint rule, called the "artful pleading doctrine," a plaintiff may not defeat federal jurisdiction by artfully pleading an ostensibly wholly state law claim with a federal question "lurking in the verbiage." *U.S. Express Lines, Ltd. v. Higgins,* 281 F.3d 383, 389 (3d Cir.2002); *see also Franchise Tax Board,* 463 U.S. at 22, 103 S.Ct. 2841; *United Jersey Banks v. Parell,* 783 F.2d 360, 367 (3d Cir.1986).

Thus, in this case, under the artful pleading doctrine, it is of no moment that the United States is neither a named party nor mentioned by name in the state court complaint. *See Leisnoi,* 170 F.3d at 1192. Even though the United States is not a named party to the quiet title action, the YMCA may claim an interest of the United States. *See id.* Further, removal by the YMCA and the TPL under the artful pleading doctrine is proper because the state court complaint raises an issue of federal law and the merits of the litigation turn on a substantial federal issue that is "an element and an essential one, of the plaintiff's cause of action." *U.S. Express Lines v. Higgins,* 281 F.3d 383, 389 (3d Cir.2002) (quoting *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). Federal law is in the forefront of this case and is not collateral, peripheral or remote. *See Merrell Dow,* 478 U.S. at 813, n. 11, 106 S.Ct. 3229.

In addition, the YMCA and the TPL have supported their asserted jurisdictional facts with competent proof and have justified their allegations with a preponderance of the evidence. *See Electrical Contractors v. State, Dept. of Transp.,* 139 F.Supp.2d 265, 267 (D.Conn.2001) (citing *United Food & Comm. Workers Union, Local 919 v. CenterMark Prop.,* 30 F.3d

298, 305 (2d Cir.1994)). In the removal petition, they allege that the two requirements of § 2409a are met. First, they allege, and support with competent proof, the fact that the United States claims an interest in Calves Island. The fact that the United States has an interest in Calves Island is further established by the condemnation action filed by the United States. Second, as demonstrated by the allegations in the state court complaint, there is a dispute over the title to Calves Island and the dispute existed at the time the complaint was filed. Tsai and the Community Trust cannot defeat federal court jurisdiction by artfully failing to state in the complaint that the United States is the "third party" with whom TSP has entered an agreement to convey Calves Island.

For these reasons, this case is one that arises under federal law, specifically the Federal Quiet Title Act, and removal is proper.

*CONCLUSION*

The plaintiff's motion to remand [doc. # 11] is DENIED.