DA 10-0652

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 236N

PUBLIC LANDS ACCESS ASSOCIATION, INC.,

        Plaintiff and Appellee,

  v.

ROGER JONES,

        Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Ninth Judicial District, In and For the County of Teton, Cause No. 03-DV-030 Honorable Wm. Nels Swandal, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

                John E. Bloomquist, Abigail J. St. Lawrence, Doney Crowley Bloomquist Payne Uda P.C., Helena, Montana

        For Appellee:

                Benjamin J. Alke, Zachary K. Strong, Goetz, Gallik & Baldwin, P.C., Bozeman, Montana

                          Submitted on Briefs:  July 27, 2011

                                   Decided:  September 20, 2011

Filed:

                                _____

                                        Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This appeal arises from a dispute between Public Lands Access Association, Inc. and Roger Jones over whether a road running through Jones' property in Teton County is a public road or a private road. The Ninth Judicial District Court determined the road was a public road by virtue of a prescriptive easement. Jones appeals. We affirm.

## ISSUE

¶1 A restatement of the issue on appeal is whether the District Court erred in concluding that the public acquired a prescriptive easement to the Sun River Slope Canal Road (Canal Road) as it traverses Jones' property.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 This is the third time these parties have been before us litigating the public or private nature of roads traversing Jones' property. A more detailed factual background may be found in our earlier rulings in *Public Lands Access Assoc., Inc. v. Jones*, 2004 MT 394, 325 Mont. 236, 104 P.3d 496 (*PLAA 1*) and *Public Lands Access Assoc., Inc. v. Jones*, 2008 MT 12, 341 Mont. 111, 176 P.3d 1005 (*PLAA 2*).

¶3 In 1999, Jones purchased a parcel of land in Teton County on which two roads intersect—Boadle Road and Canal Road. Both roads have been used for various

2

purposes and by various people beginning in the early 1900s. In 1999, Jones' predecessor-in-interest blocked Boadle Road with a gate, cutting off access to that portion of Boadle Road on his property and to Canal Road which intersects with Boadle Road to the west. Jones chose to continue blocking the road upon his acquisition of the parcel.

¶4 Public Lands Access Association (Association) sued Jones in or around 2002 seeking a judicial determination that Boadle Road was a public road by way of a prescriptive easement. The District Court agreed and Jones appealed. We affirmed the District Court's conclusion. *PLAA 1*, ¶ 35. Subsequently, in *PLAA 2*, the Association sought a declaration that Canal Road was also a public road for the same reasons Boadle Road was public. Jones argued, for reasons not relevant to this appeal, that the Federal Quiet Title Act applied to the case and therefore the District Court did not have subject-matter jurisdiction. The District Court ruled in Jones' favor and dismissed the Association's complaint with prejudice. *PLAA 2*, ¶ 7. The Association appealed and we reversed the District Court and remanded the matter for further proceedings. *PLAA 2*, ¶ 23. Upon conclusion of the remanded case, the District Court determined that the public had acquired a prescriptive easement over Canal Road and Jones could not block the portion of the road that traversed his property. Jones appeals.

**STANDARD OF REVIEW**

¶5 We review a district court's findings of fact to determine if they are clearly erroneous. We review the court's conclusions of law for correctness. *Public Lands*

3

*Access Assoc., Inc. v. Boone and Crockett Club Found.*, 259 Mont. 279, 283, 856 P.2d 525, 527 (1993).

**DISCUSSION**

¶6     The historic uses of both Boadle Road and Canal Road are nearly identical. Therefore, the District Court's findings of fact and legal analyses in both *PLAA 1* and the case at bar are similar. And for many of the same reasons the District Court determined Boadle Road was a public road, it determined Canal Road was also public. Our review of the record supports the District Court's findings of fact. Moreover, the District Court's analysis and application of the elements of a public prescriptive easement claim are not incorrect.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Our review of the record shows the District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶8     We Affirm.

                                        /S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE

4