FILED

October 15 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0650

DA 14-0650

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 299

PUBLIC LAND/WATER ACCESS ASSOCIATION, INC.,

       Plaintiff, Appellee and Cross-Appellant.

    v.

ROGER JONES,

       Defendant, Appellant and Cross-Appellee.


APPEAL FROM:    District Court of the Ninth Judicial District,
                In and For the County of Teton, Cause No. DV-11-054
                Honorable Robert G. Olson, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

              John E. Bloomquist, Rachel A. Kinkie, Bloomquist Law Firm, P.C., Helena, Montana

       For Appellee:

              J. Devlan Geddes, Benjamin J. Alke, Goetz, Baldwin & Geddes, P.C., Bozeman, Montana


                        Submitted on Briefs:  August 12, 2015
                                Decided:  October 15, 2015

Filed:

                                  _____
                                        Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1     In 2000, Roger Jones purchased approximately 4,900 acres of property in Teton County, Montana, known as Boadle Ranch.  Since acquiring the property, Jones has prohibited public use of the two main roads transecting Boadle Ranch.  Public Lands/Water Access Association (PLWA), a Montana non-profit membership organization dedicated to promoting access to public-owned lands, has consistently sought to regain access to these roads for public use.  This is the fifth time the parties have been before us.[1]  To date, PLWA has been successful in the courts but Jones has not yet removed the gates barricading entrance to the property.  In this current case, Jones appeals the Ninth Judicial District Court's grant of supplementary relief to PLWA.  PLWA cross-appeals the District Court's denial of its motion for reasonable attorney fees and costs.  We affirm in part and reverse and remand in part.

## ISSUES

¶2     Restated, Jones's dispositive issues on appeal are:

¶3     Did the District Court err in awarding money damages as supplemental declaratory relief under § 27-8-313, MCA?

¶4     Did the District Court err in failing to consider ownership of the railroad car bridge or its suitability as a bridge in fashioning relief, in violation of *PLWA IV*?

---

[1] *Public Lands v. Jones*, 2004 MT 394, 325 Mont. 236, 104 P.3d 496 (*PLWA I*), *Public Lands v. Jones*, 2008 MT 12, 341 Mont. 111, 176 P.3d 1005 (*PLWA II*), *Public Lands v. Jones*, 2011 MT 236N, 362 Mont. 545, 272 P.3d 125 (*PLWA III*), and *Public Lands v. Jones*, 2013 MT 31, 368 Mont. 390, 300 P.3d 675 (*PLWA IV*).

¶5    PLWA's issue on cross-appeal is:

¶6    Did the District Court err by not awarding PLWA reasonable attorney fees and costs, in addition to the amount necessary to rebuild the bridge?

## FACTUAL AND PROCEDURAL BACKGROUND

¶7    Boadle Ranch is an approximately 4,900 acre parcel in Teton County, Montana. Two roads transect Boadle Ranch—Boadle Road and Canal Road. Boadle Road enters Boadle Ranch at the east boundary of the property and travels west where historically it crossed the Sun River Slope Canal (Slope Canal) via Boadle Bridge and intersected with Canal Road. Canal Road runs northwest to Pishkun Reservoir and southeast through the property and onto neighboring land. These roads have been used by the public since the early 1900s.

¶8    In late July 2000, Roger Jones contracted to purchase Boadle Ranch from Robert Stephens, Jr. As part of the purchase agreement, Jones required Stephens to install gates at the east entrance of the property and at the bridge crossing Slope Canal. He also had Stephens post signs prohibiting the public from using Boadle Road and Boadle Bridge. Jones retained the gates and signs after he acquired ownership of the property.

¶9    In December 2000, PLWA filed suit against Jones seeking: (1) a declaration that Boadle Road was a county or public road and (2) an injunction enjoining Jones from interfering with the public's right to use the road. *PLWA I*, ¶ 9. While this suit was underway, a wildfire destroyed Boadle Bridge and Jones replaced the bridge with a personally-owned flatbed railcar. *PLWA IV*, ¶ 4. The district court held that the historical use of Boadle Road established a public prescriptive easement. *PLWA I*, ¶ 33.

3

On appeal, Jones argued inter alia that the new bridge was his property and he could control access to it. We affirmed the district court's ruling and held that the easement established on Boadle Road included the new Boadle Bridge. We stated "the public has a right to access the bridge and the land under the bridge without interference from Jones." *PLWA I*, ¶¶ 31 and 35.

¶10 In 2006, PLWA sought a declaration that Canal Road was also a public road for the same reasons Boadle Road was public. The district court ruled in favor of Jones but we reversed and remanded. *PLWA II*, ¶¶ 7 and 23. On remand, the district court held that Canal Road was a public road and Jones was prohibited from blocking the portions of both Boadle and Canal Roads that traversed his property. Jones appealed. In our non-cite opinion, *PLWA III,* issued on September 20, 2011, we affirmed the district court. *PLWA III*, ¶ 8.

¶11 However, earlier in September 2011, before our ruling in *PLWA III* was issued, Jones removed the railcar bridge from its Boadle Road location, destroyed the abutments and support columns, and reinstalled the railcar bridge approximately one-quarter mile away on a private road to which the public had no access. This action allowed Jones to cross the Slope Canal to access the western portion of his property but precluded that public traveling Boadle and Canal Roads from doing so.

¶12 As a consequence of Jones's removing the bridge, PLWA sued Jones in November 2011 claiming tortious interference with a public easement and public nuisance with actual malice. It also petitioned the district court for supplemental relief under § 27-8-313, MCA, of the Uniform Declaratory Judgments Act (UDJA). It claimed Jones

4

violated our ruling in *PLWA I* by removing the railcar bridge and sought declaratory relief and punitive damages. The district court denied PLWA's petition for supplemental relief and dismissed its complaint against Jones. The court stated that Jones owned the bridge and had no obligation to facilitate public access across Slope Canal. PLWA appealed.

¶13 In *PLWA IV*, we reversed the district court's ruling and remanded the case. We observed that in *PLWA I*, ¶ 31, we ruled that Boadle Bridge fell within the scope of the public prescriptive easement and that Jones could not interfere with the public's right to access the bridge. *PLWA IV*, ¶¶ 10 and 11. We explained that our ruling in that case as it pertained to Boadle Bridge was "law of the case" regardless of whether Jones built or owns the current bridge and, as such, our holding must be adhered to throughout the case's subsequent progress. *PLWA IV*, ¶ 12.

¶14 On remand, the District Court conducted a three-day jury trial in June 2014 on PLWA's tort suit against Jones. At the conclusion of the trial, the jury returned a verdict in favor of PLWA, finding Jones liable for both tortious interference with an easement and public nuisance. It awarded PLWA $375,000 in damages to restore Boadle Bridge at its original location, $25,000 in loss of bridge use damages, and $10,000 in punitive damages upon finding that Jones had acted with actual malice. The District Court accepted the jury's verdict, finding that it was supported by the evidence presented at trial.

¶15 On September 11, 2014, the District Court issued its findings of fact, conclusions of law and order on PLWA's request for supplementary declaratory relief. The court

adopted the jury's verdict as supplemental declaratory relief but incorporated several variations in its order. First, it awarded the $375,000 to PLWA as a restoration award but instructed that PLWA could subtract its costs and attorney fees from the award and use the remaining amount "to restore" the bridge at the Boadle Road location. Second, it allowed PLWA to provide the restoration award—less fees and costs—to other entities "for construction of a new Boadle Bridge." And, lastly, it awarded PLWA, as did the jury, $35,000 for loss of bridge use and punitive damages, instructing that this sanction be used for future bridge repair and maintenance. Jones appeals this order, and PLWA cross-appeals the portion of the judgment pertaining to its fees.

## STANDARD OF REVIEW

¶16 We review a district court's factual findings to determine if they are clearly erroneous. A finding of fact may be clearly erroneous if it is not supported by substantial evidence in the record; if the district court misapprehended the evidence; or when our review of the record leaves this Court with the definite and firm conviction that a mistake has been made. We review a court's conclusions of law for correctness. *Brimstone Mining, Inc. v. Glaus*, 2003 MT 236, ¶ 20, 317 Mont. 236, 77 P.3d 175.

¶17 The grant of attorney fees pursuant to § 27-8-313, MCA, of the UDJA, is within the discretionary province of the district court. We therefore review a court's decision to award such fees for an abuse of discretion. *Renville v. Farmers Ins. Exch.*, 2004 MT 366, ¶ 20, 324 Mont. 509, 105 P.3d 280 (citations omitted).

## DISCUSSION

¶18 *Did the District Court err in awarding money damages as supplemental declaratory relief under § 27-8-313, MCA?*

¶19 PLWA sought both tort damages and declaratory relief under the UDJA. Section 27-8-313, MCA, of the UDJA, provides:

> Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by a declaratory judgment or decree to show cause why further relief should not be granted forthwith.

¶20 As noted above, the District Court relied upon the jury's verdict in granting PLWA's request for supplemental relief under § 27-8-313, MCA. Jones argues that the court's grant of supplemental relief based upon the verdict was an abuse of discretion because the verdict itself was improper. He claims that PLWA requested "restoration" damages but the court failed to instruct the jury as to the meaning of "restore." Moreover, the court submitted a verdict form to the jury referencing costs of "restoring" the bridge, which Jones maintains confused the jury and resulted in an inappropriate and excessive award.

¶21 Jones cites multiple cases addressing restoration damages, including *McEwen v. MCR, LLC*, 2012 MT 319, 368 Mont. 38, 291 P.3d 1253, and *Lampi v. Speed*, 2011 MT 231, 362 Mont. 122, 261 P.3d 1000. Premised on these cases, he argues that a party seeking restoration damages must establish that (1) the injury is temporary, and (2) personal reasons necessitate restoration. He stresses that restoration damages are those

7

that a party will be forced to spend to restore property to its previous, pre-tort condition and that a party should not profit from restoration damages. Jones does not allege that PLWA failed to establish the right to restoration damages under *McEwen* or *Lampi*, or that PLWA improperly enjoyed a profit or improved property based upon the jury award. Rather, he maintains that the District Court did not give proper "restoration" jury instructions and that no testimony or evidence was presented at trial to support a "restoration" damage award. He maintains that the only way to "restore" Boadle Bridge is to return the railcar bridge to Boadle Road at approximately the same cost he incurred when he moved it in 2011. Jones argues that because the jury was confused it erroneously awarded $375,000 to restore the bridge.

¶22 PLWA counters that under § 27-8-313, MCA, the District Court sitting in equity has broad discretion to "provide complete relief to the parties." It further asserts that the evidence presented at trial supported both the jury's verdict and the District Court's order on supplemental relief. PLWA submits that because the District Court has the authority and discretion to rule on supplemental relief, and because findings in support of supplemental relief must be decided by the District Court, the instructions to the jury, if erroneous, were harmless.

¶23 It has long been the rule that in cases in equity, errors in jury instructions are not prejudicial because the findings in support of equitable relief must be decided by the district court judge. *Lawlor v. Kemper*, 20 Mont. 13, 49 P. 398 (1897) and *Talbott v. Butte City Water Co.*, 29 Mont. 17, 73 P. 1111 (1903). Additionally, under the UDJA, the District Court is not limited to the relief requested in the complaint—or in this case,

8

the verdict form—but rather "may order any relief needed to effectuate the judgment." *Goodover v. Lindey's*, 255 Mont. 430, 438, 843 P.2d 765, 770 (1992).

¶24 It is apparent from the record that the jury understood that it was to determine whether Jones had tortiously interfered with the public's easement over Boadle Bridge and whether he should be liable for public nuisance. The jury answered these two questions in the affirmative. Additionally, during trial, the jury heard that Jones had spent between $40,000 and $50,000 to move the railcar bridge to its new location in September 2011. It also heard testimony that because Jones had destroyed the bridge abutments and support columns, returning the railcar to Boadle Road would require additional construction and cost.

¶25 The jury also heard extensive testimony from two structural engineers pertaining to building a replacement bridge over Slope Canal. The structural engineer testifying as a witness for PLWA testified that the cost of replacing the bridge with a traditional bridge that was not a railroad car would be approximately $300,000. The structural engineer who testified on behalf of Jones stated that the cost of rebuilding the bridge could be $800,000. Basing its decision upon the evidence at trial as instructed by the District Court, the jury concluded that a Boadle Road bridge could be provided to the public for $375,000. This figure is supported by the evidence and was a proper basis for the District Court's order of equitable supplemental relief. Additionally, Jones was free to argue in the District Court that he could return the bridge to its original location at a cost of $40,000 to $50,000, but he did not. We therefore conclude that the District Court did not

9

err in adopting the jury verdict as supplemental relief and awarding money damages under § 27-8-313, MCA.

¶26 Jones also argues that the District Court erred in awarding "future bridge maintenance funds" as restoration damages because such an award is "antithetical to [a restoration] award's purpose of restoring a property to its pre-tort condition." Having ruled that the District Court did not err in adopting the jury's damages award, we decline to further address this issue.

¶27 *Did the District Court err in failing to consider ownership of the railroad car bridge or its suitability as a bridge in fashioning relief, in violation of PLWA IV?*

¶28 Jones argues that the District Court presented a jury instruction that "permissively" allowed the jury to consider Jones's ownership of the railroad car and its suitability as a bridge in determining whether the relief awarded was in accordance with *PLWA IV*. We stated in *PLWA IV*, ¶ 12: "Jones's private ownership of the railcar bridge and his concerns about its suitability for public use are matters to be evaluated in determining the appropriate relief to be granted." Jones contrasts this language with jury instruction 18 which states: "You may consider [Jones's] ownership of the Boadle Bridge and the suitability for public use in determining the appropriate relief to be granted." Jones argues that by offering a permissive instruction the District Court ignored "the mandate and opinion" of this Court. He claims that the jury instruction is both erroneous and an abuse of discretion. He asserts that this error justifies overturning the court's grant of supplemental relief.

¶29    As discussed above, the District Court had discretion to grant supplemental relief under the UDJA and Jones's claims of improper jury instructions are unpersuasive. Moreover, acting within its discretion and in accordance with our instruction in *PLWA IV*, the District Court did consider Jones's ownership of the railcar and its suitability as a bridge when it allowed Jones's railcar to remain at its current location for exclusive use by Jones. Consequently, Jones retains complete ownership rights to the railcar and is free to sell it or relocate it to any desirable location on his property.

¶30    *Cross-Appeal: Did the District Court err by not awarding PLWA reasonable attorney fees and costs, in addition to the amount necessary to rebuild the bridge?*

¶31    Jones argues against an award of attorney fees to PLWA both in his direct appeal and in response to PLWA's cross-appeal. On direct appeal, he claims that the court's order that PLWA may reimburse itself its attorney fees from the restoration damages award was erroneous and an abuse of discretion. He asserts that a court has discretion to award attorney fees under the UDJA if to do so is equitable, necessary and proper, but notes that equity generally does not support an award of attorney fees under the UDJA if similarly situated parties genuinely dispute their rights. Jones also contends that upon a finding that equitable considerations support an award of attorney fees, the court must apply the "tangible parameters" test to determine if the fees are necessary and proper. He maintains that the District Court's failure to consider the tangible parameters' test or the equity of an attorney fee award constituted an abuse of discretion. Lastly, he claims that he acted in good faith when he removed the bridge based upon his concern that the railcar

11

bridge was not safe for the general public, and the potential for liability. As such, he maintains, the District Court improperly awarded attorney fees to PLWA.

¶32 On cross-appeal, PLWA asserts that the District Court erred in determining that its fees should be deducted from the restoration award. PLWA argues it is entitled to an actual award of attorney fees and costs to be paid by Jones. It notes that the jury and the District Court determined that $375,000 was required to reconstruct a bridge over Slope Canal to restore access to the public easement, and if PLWA reimburses itself from this award, there will be insufficient funds remaining to reconstruct a bridge. It acknowledges that the District Court did not analyze its claim for fees under the three-prong "tangible parameters" test but asserts that the case satisfies that test because: (1) Jones possesses what PLWA sought in its declaratory relief action; (2) it was necessary that PLWA seek a declaration showing that it is entitled to the relief sought; and (3) the declaratory relief sought was necessary in order to change the status quo. *Martin v. SAIF Corp.*, 2007 MT 234, ¶ 23, 339 Mont. 167, 167 P.3d 916.

¶33 PLWA also argues that the equities support an award of reasonable attorney fees and costs under § 27-8-313, MCA. It urges us to consider that as a volunteer non-profit organization, it has spent its member supporter's funds for the past fifteen years to re-establish the public's rights to access Boadle Road, Canal Road, and Boadle Bridge. It further contends that the District Court and the jury determined that Jones acted with malice when he removed the railcar bridge in violation of our earlier ruling. The jury was instructed that if Jones had knowledge of facts or intentionally disregarded facts that created a high probability of injury to PLWA, and that he deliberately proceeded to act in

12

conscious or intentional disregard of the high probability of injury or deliberately proceeded to act with indifference to the high probability of the injury, he would be guilty of malice. Section 27-1-221(2), MCA. PLWA asserts that the jury's finding of malice fully supports an equitable award of attorney fees and without such an award, justice has not been attained.

¶34 It is well-established in Montana that, absent statutory or contractual authority, attorney fees will not be awarded. *Goodover*, 255 Mont. at 445, 843 P.2d at 774. However, we have held that in isolated cases, a district court using its equity powers may award attorney fees to make an injured party whole. *Goodover*, 255 Mont. at 445, 843 P.2d at 774. The threshold question for an award of attorney fees is whether the equities support such an award. *City of Helena v. Svee*, 2014 MT 311, ¶ 20, 377 Mont. 158, 339 P.3d 32. Additionally, in *Trs. of Ind. Univ. v. Buxbaum*, we addressed for the first time whether § 27-8-313, MCA, authorizes a court to award attorney fees and concluded that it did, provided the award of such fees was equitable and "necessary or proper." *Trs. of Ind. Univ. v. Buxbaum*, 2003 MT 97, ¶¶ 35-42, 315 Mont. 210, 69 P.3d 663. We acknowledged that "necessary or proper"—a concept derived from Ohio law—presented a "somewhat nebulous" standard for courts. Therefore, in *Martin*, we adopted the three-part tangible parameters test set forth above.

¶35 As argued by Jones and acknowledged by PLWA, the District Court did not indicate in its order that it considered the tangible parameters test when it ordered that PLWA could reimburse itself for attorney fees from the restoration damages award. We conclude, however, that it is not necessary to remand this issue to the District Court as it

13

is apparent that the equities in this matter fully support an award of attorney fees. The District Court set forth findings supported by the evidence that establish that Jones acted with malice and with intent to interfere with public access in violation of prior orders of the District Court and this Court. These findings clearly satisfy the threshold question of whether equities support an award of attorney fees. It is equally clear that the first prong of the tangible parameters test has been met in that Jones possesses what PLWA sought in its declaratory relief action—access to the public easement in existence since the early 1900s. The second prong is met as well in that PLWA was repeatedly successful in establishing the existence of the public easement, yet Jones continued to prohibit access and PLWA was forced to seek a declaration showing that PLWA was entitled to the relief sought. And, finally, the declaratory relief sought was necessary in order to change the status quo. *Svee*, ¶ 22.

¶36 Lastly, we decline to accept Jones's claim that he acted in good faith. There was sufficient evidence before the District Court and the jury to conclude that even if Jones genuinely was concerned about the safety of the railcar bridge, he had blocked access to the original Boadle Bridge for two years before replacing the bridge with the railcar because he simply did not want the public driving near his home or on Boadle Road. Given the now-fifteen-year history of this case, Jones's continuous efforts to thwart the public's easement rights, and his persistent disregard for the multiple judicial decisions rendered in favor of PLWA, equity fully supports an award of attorney fees.

CONCLUSION

¶37 For the foregoing reasons, we affirm the District Court's grant of supplemental relief in the amount of $375,000 in restoration damages and $35,000 in loss of bridge use and punitive damages. We hold that the $375,000 in restoration damages should be used to establish a bridge on Boadle Road over Slope Canal and therefore reverse the court's instruction that PLWA may reimburse itself for attorney fees from the restoration fund. Pursuant to § 27-8-313, MCA, and supporting case law, we remand this matter to the District Court with instructions to award reasonable attorney fees and costs incurred by PLWA in pursuing Cause No. DV-11-054 and this appeal.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT

Justice Jim Rice, concurring in part and dissenting in part.

¶38 I dissent on the cross-appeal. The Court holds, without expressly stating, that the District Court abused its discretion by including attorney fees within the $375,000 restoration award fashioned for PLWA. "'In an action for a declaratory judgment, § 27-8-313, MCA, may provide a statutory basis for awarding attorney fees as supplemental relief, if such an award is determined to be necessary and proper.'" *Beebe v. Bd. of Dirs. of the Bridger Creek Subdivision Cmty. Ass'n*, 2015 MT 183, ¶ 26, 379

15

Mont. 484, 352 P.3d 1094 (citation omitted). "We review for an abuse of discretion a district court's order to grant or deny attorney fees if legal authority exists for the fees." *Horace Mann Ins. Co. v. Hanke*, 2013 MT 320, ¶ 12, 372 Mont. 350, 312 P.3d 429 (citation omitted).

¶39 "An abuse of discretion occurs when the court acts arbitrarily without conscientious judgment or exceeds the bounds of reason." *Wagner v. Woodward*, 2012 MT 19, ¶ 18, 363 Mont. 403, 270 P.3d 21 (citation omitted) (affirming District Court's denial of attorney fees). I believe the District Court carefully considered and fashioned a multi-pronged package of relief for PLWA with the flexibility to use part of the restoration award for attorney fees, in addition to awarding loss-of-use damages and punitive damages. Under the standard of review, I would hold that the court did not act "arbitrarily without conscientious judgment or exceed[] the bounds of reason." *Wagner*, ¶ 18.

¶40 On the appeal, Jones states that he was given no notice, advance or otherwise, that the jury would act in an advisory capacity. He cites federal authority that holds it is reversible error for the trial court to determine that a jury verdict would be advisory after a case is submitted to the jury, because "[t]he parties are entitled to know prior to trial whether the jury or the court will be the trier of fact." *Thompson v. Parkes*, 963 F.2d 885, 889 (6th Cir. 1992) (citation omitted) (citing Fed. R. Civ. P. 39(c)). He notes this Court has stated that, when Montana civil rules are modeled on federal rules, we look to the interpretation of the federal rules for guidance in interpreting our rules, citing *Muri v. Frank*, 2001 MT 29, ¶ 12, 304 Mont. 171, 18 P.3d 1022. Despite this persuasive

authority, I would conclude, given my conclusion to affirm the District Court on the cross-appeal, that the error is harmless, and affirm. Though describing the damages in slightly different terms, the District Court imposed the same amount of damages as the advisory jury ($375,000 to restore Boadle Bridge, $25,000 for loss of bridge use, and $10,000 in punitive damages versus $375,000 for a restoration award and attorney fees and costs and $35,000 for loss of bridge use and punitive damages). The Court's decision to reverse on the cross-appeal and grant greater damages creates prejudice against Jones for the failure to advise him that the jury was only advisory.

/S/ JIM RICE

17